UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CAYETANO MELENDEZ,

    Plaintiff,

    v.

M. BITER, et al.,

    Defendant.

1:13-cv-00279-AWI-BAM (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL

(ECF No. 32)

Plaintiff Cayetano Melendez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on February 22, 2013. This action currently proceeds on Plaintiff's second amended complaint against Defendant Hunt for excessive force, inhumane conditions of confinement and deliberate indifference to serious medical need in violation of the Eighth Amendment and against Defendants Arriola and Cruz for failure to intervene in violation of the Eighth Amendment.[1]

Plaintiff filed his second amended complaint with the assistance of limited appointment of counsel. Counsel's representation terminated upon the filing of the second amended complaint. On August 14, 2014, the Court denied Plaintiff's request for the re-appointment of counsel. (ECF No. 22.) On December 5, 2014, Plaintiff filed the instant motion for the appointment of counsel.

---

[1] Plaintiff also named DOE defendants in his second amended complaint. However, the Court will not order service of any DOE defendants unless and until an amended complaint is filed identifying such defendants.

1

As previously explained, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

Plaintiff currently is housed at the California Health Care Facility in Stockton, California.  He asserts that counsel is necessary because he is sick.  Plaintiff explains that when he comes from dialysis treatment, he "can't hold-up," lies down and sleeps.  (ECF No. 32, p. 1.)  Plaintiff believes that he needs counsel to protect his interests.  At this juncture, the Court does not find the required exceptional circumstances.  Plaintiff has not provided the Court with any supporting documentation or evidence regarding his condition or his asserted inability to prosecute this action.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.  As necessary and appropriate, Plaintiff may renew his motion for the appointment of counsel supported by medical records or other relevant documents.

IT IS SO ORDERED.

Dated:   **December 15, 2014**             /s/ Barbara A. McAuliffe
                                                                    UNITED STATES MAGISTRATE JUDGE