UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAYETANO MELENDEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>M. BITER, et al.,<br><br>        Defendants. | 1:13-cv-00279-AWI-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 34) |

    Plaintiff Cayetano Melendez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendant Hunt for excessive force, inhumane conditions of confinement and deliberate indifference to serious medical need in violation of the Eighth Amendment and against Defendants Arriola and Cruz for failure to intervene in violation of the Eighth Amendment.[1] Plaintiff filed his second amended complaint with the assistance of limited-appointment counsel. However, counsel's representation terminated upon the filing of the amended complaint. (ECF Nos. 14, 15.)

    On August 14, 2014, the Court denied Plaintiff's request for the re-appointment of counsel. (ECF No. 22.) On December 15, 2014, the Court denied Plaintiff's renewed request for

---

[1] Plaintiff also named DOE defendants in his second amended complaint, but the Court will not order service of any DOE defendants unless and until an amended complaint is filed identifying such defendants.

1

the appointment of counsel without prejudice. (ECF No. 32.) On May 21, 2015, Plaintiff again filed a motion for the appointment of counsel. (ECF No. 34.)

As Plaintiff has been informed on several occasions, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In his moving papers, Plaintiff, who is housed at the California Health Care Facility, asserts that he cannot adequately and efficiently represent himself in this action. Plaintiff reports that he is suffering from numerous medical problems, including diabetes and cancer, and undergoes hemodialysis. Plaintiff states that these issues keep him sick and in bed and he is not capable of writing motions or conducting legal research. Plaintiff also states that his hands are crippled and he must ask other inmates to write for him. However, he has little to no access to other prisoners that could possibly assist him and law library hours for his housing unit occur during the time he receives hemodialysis. In addition to these circumstances, Plaintiff asserts that his previous limited-appointment counsel "has stated that, as he is familiar with the case, he is willing to continue representing me, should the Court be willing to appoint an attorney." (ECF No. 34, p. 2.)

The Court has considered Plaintiff's moving papers, but does not find the required exceptional circumstances at this time. First, Plaintiff does not appear to have difficulties articulating his position in this matter. Plaintiff's requests for counsel are clear and easily understood. If Plaintiff requires additional time to meet court or case-related deadlines because of

his condition, he may request appropriate and necessary extensions of time. Moreover, at this early stage of the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.

To the extent Plaintiff's former counsel is willing to accept further appointment, however, the Court will consider such action only upon the written declaration of counsel. Plaintiff's statements, without more, are not sufficient. Accordingly, Plaintiff must submit a signed declaration from counsel indicating his willingness to accept appointment.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **May 29, 2015**                              /s/ *Barbara A. McAuliffe*
                                                                          UNITED STATES MAGISTRATE JUDGE