# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAYETANO MELENDEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>HUNT, et al.,<br><br>    Defendants. | 1:13-cv-00279-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY APPOINTMENT OF COUNSEL<br><br>(ECF No. 43) |

Plaintiff Cayetano Melendez ("Plaintiff") is a prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Court previously appointed voluntary counsel for the limited purpose of drafting an amended complaint in this case. After Plaintiff filed his June 5, 2014 amended complaint in this case, the appointment of counsel terminated. On August 14, 2014, (ECF No. 22), December 15, 2014, (ECF No. 32), and May 29, 2015, (ECF No. 35), the Court denied motions by Plaintiff for the re-appointment of counsel.

On December 11, 2015, Defendants filed a motion for summary judgment. (ECF No. 42.) Shortly thereafter, on December 20, 2015, Plaintiff filed the instant motion for emergency appointment of counsel. (ECF No. 43.) In support of his request, Plaintiff discusses his medical problems, including diabetes, high blood pressure, and cancer, and his treatments with insulin and dialysis. He states that his medical condition prevents him from doing legal research.

Due to the complexities of the matters raised in Defendants' motion for summary judgment, and the issues raised by Plaintiff in his motion, the Court granted Plaintiff several

1

extensions to filing an opposition to the pending summary judgment motion. (ECF Nos. 44, 47.) The Court is now prepared to resolve Plaintiff's motion for the appointment of counsel.

As Plaintiff has been previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court finds that this matter does not present the exceptional circumstances warranting the appointment of counsel for Plaintiff at this time. At this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. Importantly, the Court finds that its resources of volunteer counsel are particularly low at this time, and such volunteers are not reasonably available.

Plaintiff submitted medical notes in support of his request, which the Court has also carefully considered. (ECF No. 43, at 3-5.) These medical notes are dated January 3, 2015, nearly a year prior to Plaintiff's motion, and state that his condition at that time was stable. If Plaintiff requires additional time to meet court or case-related deadlines because of his condition, he may request appropriate and necessary extensions of time. Currently, his response to Defendants' pending motion for summary judgment is due on or before May 4, 2016. (ECF No. 47.) If Plaintiff cannot meet this deadline, he must request an extension before that deadline expires, and his request must be supported by good cause.

///

For these reasons, Plaintiff's request to reappoint counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **April 6, 2016**                             /s/ Barbara A. McAuliffe
                                                UNITED STATES MAGISTRATE JUDGE